DOROTHY WEYMILLER, Appellee, v. MATILDA WEYMILLER et al., Defendants; LILLIAN WEYMILLER, Appellant.

No. 39091.

JANUARY 12, 1932.

A. J. Eaton, for appellant.

William S. Hart, for appellee.

MORLING, J.—The appellant, in his argument, under the head "Errors relied upon for reversal," states:

"1. It was error for the court to overrule the motion filed by defendants September 4, 1923, for a more specific statement * * *." The motion asked for a more specific statement in eight particulars.

956

"2. It was error for the court to overrule defendants' motion for continuance filed January 4, 1927 (Abst. p. 90, line 18). (Abst. pp. 10, 11, 12, 13). Ruling (Abst. p. 14, line 11).

"3. It was error for the court to overrule defendants' motion for a directed verdict made at the close of plaintiff's case (Abst. p. 68, line 10, and following).

"4. It was error for the court to overrule the motion for directed verdict made by defendant Lillian Weymiller at the close of the testimony (Abst. p. 78, line 9) (Abst. p. 79, line 4).

"5. The court made many errors in overruling defendants' objections * * * Said errors are found in the abstract on pages and lines as follows, to wit: P. 16, line 31; p. 17, line 5; p. 17, line 18, * * * The court committed error in admitting plaintiff's Exhibit No. 2 over the objection of the defendants (See offer and objection Abst. p. 39, line 30) and copy of exhibit (Abst. p. 30, line 2). The court committed an error in admitting plaintiff's Exhibits Nos. 7, 8, 9, 10, 11, 12, 13 and 14 * * * The court committed an error in admitting Exhibit No. 23 over the objection of defendants."

Defendant presents under the head "Propositions of Law" 17 paragraphs, of which the following are examples:

"1. Did the court err in overruling the defendants' motion for more specific statement?

"2. Did the court err in overruling defendants' motion for continuance? * * *

"17. If Lewis Weymiller had any affection for plaintiff, were they not lost for other reasons than through the acts or conduct of defendant Lillian Weymiller?"

The alleged errors in admitting Exhibits 2 and 23 are not argued. The argument is in the most general terms. It wholly fails to comply with Rule 30. Duncan v. Rhomberg, 212 Iowa 389.—Affirmed.

All Justices concur.